# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Magistrate Judge Michael J. Watanabe

| | |
|---|---|
| **Civil Action No.** 11-cv-01556-REB-MJW | FTR - Courtroom A-502 |
| **Date:** August 24, 2011 | Courtroom Deputy, Ellen E. Miller |

| _Parties_ | _Counsel_ |
|---|---|
| JARROTT MARTINEZ, | Jordan D. Factor |
| | Daniel P. Gerash |
| Plaintiff(s), | |
| v. | |
| CITY OF COLORADO SPRINGS, a municipality, | Shane M. White |
| SYDNEY HUFFMAN, an individual, and | Virginia M. Jeffrey |
| MICHAEL JELMO, an individual, | Gordon L. Vaughan |
| Defendant(s). | |

## COURTROOM MINUTES / MINUTE ORDER

**HEARING:** ORAL ARGUMENT / RULE 16(b) SCHEDULING CONFERENCE
**Court in session:** 2:30 p.m.
Court calls case. Appearances of counsel. Also present at plaintiff table is attorney James S. Helfrich.

The Court raises Defendant Sydney Huffman's Motion to Stay Proceedings and Motion for Protective Order for oral argument. It is noted a "companion criminal case" 2011-cr-001964, in El Paso County, Colorado, is pending _The People of the State of Colorado v. Sydney Rose Huffman._

Argument by Mr. Vaughan on behalf of defendant Sydney Huffman.
Response by Mr. White on behalf of defendants City of Colorado Springs and Michael Jelmo, and by Mr. Factor on behalf of Plaintiff.

**It is ORDERED:** Defendant Sydney Huffman's MOTION TO STAY PROCEEDINGS AND MOTION FOR PROTECTIVE ORDER [Docket No. **20**, Filed August 10, 2011] is **GRANTED** for reasons as set forth on the record. These proceedings as to defendant Huffman are STAYED, and a protective order that no discovery will be had against Ms. Huffman at this time.

Defendant Huffman does not have to answer the Complaint at this time. Counsel for defendant Huffman may participate in depositions but may not notice any depositions.

**It is ORDERED:** Starting **OCTOBER 01, 2011**, and on the first working day of each month thereafter, counsel for defendant Huffman shall file a written STATUS REPORT updating the Court on the status of the criminal case.

The following will confirm the actions taken and dates set at the scheduling conference held this date:

Joinder of Parties/Amendment to Pleadings:   **OCTOBER 10, 2011**

Fact Discovery Cut-off:   **MAY 01, 2012**
Expert Discovery Cut-off:   **JUNE 01, 2012**

Dispositive Motions Deadline:   **JUNE 02, 2012**

Each party/party group shall be limited to seven (7) expert witnesses, without further leave of Court.
Plaintiff  shall designate experts **on or before**   **MARCH 01, 2012**
Defendants shall designate experts   **on or before**   **APRIL 02, 2012**
Parties shall designate rebuttal experts **on or before**   **APRIL 30, 2012**
The disclosure of Experts shall be consistent with  Fed. R. Civ. P. 26(a)2(B).

Interrogatories,  Requests for Production, and Requests for Admissions shall be served on or before   **MARCH 29, 2012**

Each party/party group may take up to fifteen (15) non-expert depositions.  Each deposition shall be limited  to  one (1) day of a maximum of seven (7) hours, absent leave of Court.  All fact depositions shall be completed no later than **MAY 01, 2012**, all expert depositions shall be completed no later than **JUNE 01, 2012.**
Parties shall use deposition exhibits numbered in consecutive order, not separated as Plaintiff Exhibits  or Defendant Exhibits.  Parties shall not use any duplicative exhibits.

Discussion is held regarding the location of depositions.  Parties agree that the depositions may be taken at a neutral location and that Plaintiff shall pay for the location and shall not seek reimbursement.

No  **SETTLEMENT CONFERENCE**   is set at this time.

A  **TELEPHONIC  STATUS  CONFERENCE** is set  **NOVEMBER  29,  2011  at  9:00 a.m.**
All participating parties are to be on the call  *before*  the Court is contacted; Plaintiff shall create the  conference call.  Once the conference call is established, the Court shall  be added as the final connection by dialing  (303) 844-2403  at the scheduled time.
● Topics of discussion will include
(1) Status of discovery
(2) Status of the criminal case of defendant Huffman
(3) timing and need to set a Settlement Conference
(4) Any needed amendments to the Scheduling Order.

**FINAL PRETRIAL CONFERENCE** set for   **SEPTEMBER 05, 2012   at  9:00  a.m.**

in Courtroom A-502, Fifth floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.
The proposed final pretrial order shall be filed, and then sent as a Word or WordPerfect attachment to Watanabe_Chambers@cod.uscourts.gov, **on or before AUGUST 31, 2012.**
In the subject line of the e-mail, counsel shall list the case number, short caption, and "proposed final pretrial order." (See www.cod.uscourts.gov for more information.)
Valid photo identification is required to enter the courthouse. In accordance with Fed.R.Civ.P. 16(e), the conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

**TRIAL:** The parties anticipate a fifteen (15) day trial to a jury. Parties are directed to call Judge Blackburn's chambers **August 25, 2011 at 10:00 a.m.** to discuss trial dates. All participating parties are to be on the call *before* the Court is contacted; Plaintiff shall create the conference call. Once the conference call is established, the Court shall be added as the final connection by dialing (303) 335-2350 at the scheduled time.

● **Parties are directed to** www.cod.uscourts.gov **regarding Judicial Officers' Procedures and shall fully comply with the procedures and Practice Standards of the judicial officer assigned to try this case on the merits.**

Absent exceptional circumstances, no request for rescheduling any appearance in this court will be entertained unless a written request is made FIVE (5) business days in advance of the date of appearance.

**[X]** Scheduling Order is signed and entered with interlineations **AUGUST 24, 2011**

Hearing concluded.

**Court in recess:** 3:56 p.m.
Total in-court time: 01:26

To order a transcript of this proceedings, contact Avery Wood Reports (303) 825-6119 or Toll Free 1-800-962-3345.

● *PLEASE   NOTE* ●

When   submitting  **Confidential Settlement Statements** to Magistrate Judge Watanabe via e-mail as a PDF attachment, the parties are required to enter in the **Subject line**:

1. Case Number
2. Date of the Settlement Conference
3. Short caption
4. "Plaintiff   Confidential Settlement Statement"
   OR
   "Defendant  Confidential Settlement Statement"


*EXAMPLE:   00-cv-00123-LTB-MJW   Settlement Conf. JUNE 12, 2009 at 1:30 p.m.   Fargo v. Smith Plaintiff CSS*


Statements containing <u>more than 15 pages</u>  **should** also be submitted in hard copy paper form with the envelope addressed to   "Magistrate Judge Watanabe Chambers. Personal and Confidential".




When   submitting **Proposed Final Pretrial Order** to Magistrate Judge Watanabe via e-mail , the parties are required to enter in the **Subject line**:

1. Case Number
2. Date of the Final Pretrial Conference
3. Short caption

GENERAL INFORMATION
FOR
SETTLEMENT CONFERENCES
BEFORE
MAGISTRATE JUDGE WATANABE

Counsel and pro se litigants **shall have parties present** who shall have **full authority** to negotiate all terms and demands presented by the case, and **full authority** to enter into a settlement agreement, including an adjustor if an insurance company is involved.  "Full authority" means that the person who attends the settlement conference has the complete and unfettered capacity and authority to meet or pay all terms or amounts which are demanded or sought by the other side of the case without consulting with some other person, committee or agency.  If any person has limits upon the extent or amount within which he or she is authorized to settle on behalf of a party, that person does not have "full authority."  **No party shall be permitted to attend the settlement conference by phone unless that party has obtained leave of Court following the filing of an appropriate motion, no later than five (5) business days prior to the settlement conference date.**

In order that productive settlement discussions can be held, the parties shall prepare and submit **two** settlement documents:  one to be mailed to the other party or parties, and the other to be mailed only to the Magistrate Judge.  The documents which are presented to opposing parties shall contain an overview of the case from the presenter's point of view, shall summarize the evidence which supports that side's claims, and shall present a demand or offer.   These documents should be intended to persuade the clients and counsel or pro se litigant on the other side.

The document to be mailed to the Magistrate Judge shall contain copies of the above materials, but additionally shall contain any confidential comments which counsel or the pro se litigant wishes to make, any comments with regard to perceived weaknesses in the case and any comments which would be helpful to the magistrate in assisting the parties to negotiate a settlement.

ECF participants shall e-mail their Confidential Settlement Statements to chambers with a subject line *CONTAINING:* Case Number, short caption, date of conference, and "Confidential Settlement Statement" to: Watanabe_Chambers@cod.uscourts.gov, no later than five (5) business days prior to the settlement conference date or by any due date given by the Court.  The Confidential Settlement Statement should be in PDF format and sent as an *attachment* to the e-mail.  **Statements containing more than 15 pages *should also be submitted to chambers on paper* (hard copy)**, with the envelope addressed to "Magistrate Judge Watanabe Chambers, Personal and Confidential".  Confidential Settlement Statements prepared by parties not represented by counsel, or without access to ECF, shall be submitted on paper to the Clerk's Office.

Anyone seeking entry into a United States Courthouse is required to show a valid current photo identification.  See D.C.COLO.LCivR 83.2.  Failure to comply with this requirement may result in denial of entry to the courthouse.

*PLEASE NOTE ANY ADDITIONAL INFORMATION REQUIRED BY JUDGE BLACKBURN BY REVIEWING JUDGE BLACKBURN'S PROCEDURES ON THE COURT WEBSITE.*

● Information is available at   www.cod.uscourts.gov
    **Forms**
    Standardized Order Forms:

**Appendix G**

**INSTRUCTIONS FOR PREPARATION OF**
**FINAL PRETRIAL ORDER**

Counsel and any *pro se* party are directed to meet in advance of the pretrial conference and jointly to develop the contents of the proposed final pretrial order, which shall be presented for the court's approval no later than five days before the final pretrial conference.  Also, attention is directed to Fed. R. Civ. P. 16(d), which provides, in pertinent part, that "[t]he conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties."

Listed on the following pages is a format for matters to be included in the final pretrial order.  For convenience of the court, counsel, and any  *pro se* party, the sequence and terminology in this format should be used in the preparation of the final pretrial order.  The bracketed and italicized information on the form explains what the court expects.

**Final pretrial orders shall be *DOUBLE-SPACED* in accordance with D.C.COLO.LCivR 10.1E., even though the instructions in the following format for the proposed scheduling order are single-spaced.**

(Rev. 04/15/02)

**Appendix G**

**(Continued)**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No.

      Plaintiff(s),

v.

      Defendant(s).

**FINAL PRETRIAL ORDER**

**1. DATE AND APPEARANCES**

**2. JURISDICTION**

*[Include a statement of the basis for subject matter jurisdiction with appropriate statutory citations. If jurisdiction is denied, give the specific reason for the denial.]*

**3. CLAIMS AND DEFENSES**

*[Summarize the claims and defenses of all parties, including the respective versions of the facts and legal theories. Do not copy the pleadings. Identify the specific relief sought. Eliminate claims and defenses which are unnecessary, unsupported, or no longer asserted.]*


### 4. STIPULATIONS

*[Set forth all stipulations concerning facts, evidence, and the applicability of statutes, regulations, rules, ordinances, etc.]*

### 5. PENDING MOTIONS

*[List any pending motion to be decided before trial, giving the filing date and the filing date of any briefs in support or opposition. Include any motions on which the court expressly has postponed ruling until trial on the merits. If there are no pending motions, please state, "None."]*

### 6. WITNESSES

a. List the nonexpert witnesses to be called by each party. List separately:

(1) witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

(2) witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A)); and

(3) witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B).

b. List the expert witnesses to be called by each party. List separately:

(1) witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

(2) witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)); and

(3) witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B).

*[With each witness' name, set forth (1) the witness' address and telephone number if not previously disclosed, (2) a short statement as to the nature and purpose of the witness' testimony, and (3) whether he or she is expected to testify in person or by deposition.]*

## 7. EXHIBITS

*[a.     List the exhibits to be offered by each party and identify those to be stipulated into evidence.  This list should be specific enough so that other parties and the court can understand, merely by referring to the list, each separate exhibit which will be offered.  General references such as "all deposition exhibits"or"all documents produced during discovery"are unacceptable.]*

      (1)     Plaintiff(s):

      (2)     Defendant(s):

      (3)     Other parties:

*[The following paragraph shall be included in the final pretrial order.]*

b.     Copies of listed exhibits must be provided to opposing counsel and any pro se party no later than five days after the final pretrial conference.  The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 11 days after the exhibits are provided.

## 8. DISCOVERY

*[Use the following language:]*

Discovery has been completed.

*[Unless otherwise ordered, upon a showing of good cause in an appropriate motion, there will be no discovery after entry of the final pretrial order.]*

## 9. SPECIAL ISSUES

*[List any unusual issues of law which the court may wish to consider before trial.  If none, please state, "None."]*

## 10. SETTLEMENT

*[Include a certification by the undersigned counsel for the parties and any pro se party that:]*

a.     Counsel for the parties and any pro se party met (in person) (by telephone) on _____, 200__,

to discuss in good faith the settlement of the case.

b.   The participants in the settlement conference, included counsel, party representatives, and any pro se party.

c.   The parties were promptly informed of all offers of settlement.

d.   Counsel for the parties and any pro se party (do) (do not) intend to hold future settlement conferences.

e.   It appears from the discussion by all counsel and any pro se party that there is *[select one]*:
(a good possibility of settlement.)
(some possibility of settlement.)
(little possibility of settlement.)
(no possibility of settlement.)

f.   The date of the next settlement conference before the magistrate judge or other alternative dispute resolution method.

g.   Counsel for the parties and any pro se party considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11. OFFER OF JUDGMENT

*[The following paragraph shall be included in the final pretrial order:]*

Counsel and any pro se party acknowledge familiarity with the provision of rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

*[The following paragraph shall be included in the final pretrial order:]*

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL
## PREPARATION PROCEEDINGS

*[State:*

1. *whether trial is to the court or a jury or both,*

2. *estimated trial time,*

3. *situs of trial, and*

4. *any other orders pertinent to the trial proceedings.]*

*[Counsel and the parties should note that the procedures for setting and conducting trial and for further conferences before trial vary according to the district judge assigned to the case. The judges all have written procedures which can be obtained from the clerk's office.]*

DATED this _____ day of _____ 200__.

BY THE COURT:

_____

United States Magistrate Judge

APPROVED:

| | |
|---|---|
| (Name) | (Name) |
| (Address) | (Address) |
| (Telephone Number) | (Telephone Number) |
| Attorney for Plaintiff (or Plaintiff, Pro Se) | Attorney for Defendant (or Defendant, Pro Se) |

*[Please affix counsels' and any pro se party's signatures before submission of the final pretrial* order to the court.*]*